# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PRENTICE MASON,        ) | |
|     Plaintiff,        ) | |
|         ) | |
| v.        ) | CAUSE NO.: 2:22-CV-301-JVB-JEM |
|         ) | |
| CAPITAL ONE AUTO FINANCE INC.,        ) | |
|     Defendant.        ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Capital One Auto Finance, Inc.'s Motion to Dismiss Plaintiff's Complaint [DE 8] filed on December 15, 2022. Plaintiff Prentice Mason, who is litigating *pro se*, filed a response on December 28, 2022. Defendant Capital One[1] filed a reply on January 10, 2023.

## PROCEDURAL BACKGROUND

Mason initiated this cause of action on October 14, 2022, by filing a civil complaint naming Capital One as the sole defendant. He states that he brings claims for violations of the Truth in Lending Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act.

As background, Mason alleges that he entered into a consumer credit transaction with Capital One around July 2021. (Compl. ¶ 13, ECF No. 1). Mason attached as Exhibit 7 to his complaint a July 30, 2021 retail installment contract for the purchase of a used 2017 Buick Envision with $23,449.79 financed at an annual percentage rate of 4.87% and an estimated finance charge of $3,694.93. (Compl. Ex. 7, ECF No. 1-1 at 36). He further alleges that, approximately one year later, he discovered that Capital One was violating his consumer rights. (Compl. ¶ 14,

---

[1] Defendant is named in the Complaint as "Capital One Auto Finance, Inc." Defendant refers to itself as "Capital One Auto Finance, a division of Capital One, N.A." The Court will refer to Defendant as "Capital One."

ECF No. 1). Mason alleges he sent correspondence to Capital One regarding the ways in which he believes Capital One to have violated federal law. *Id.* ¶¶ 15-20.

For Count I of his Complaint, Mason alleges violations of the Truth in Lending Act, specifically 15 U.S.C. §§ 1605(c),[2] 1662(2), and 1635(a). For Count II, Mason alleges violation of the Fair Credit Reporting Act, specifically 15 U.S.C. § 1681b(a). For Count III, Mason alleges violation of the Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692j.[3] Capital One, in the instant motion, argues that Mason has failed to state a claim upon which relief can be granted and is thus subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however

---

[2] Mason lists "§ 1605(a)(c)" as the allegedly violated provision. Subsection (c) is the subsection that matches Mason's allegations.

[3] Mason erroneously writes "§ 1692(j)," a subsection that does not exist. In context, it is apparent that Mason means "§ 1692j."

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [his] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## ANALYSIS

As noted above, three separate congressional acts are presented as grounds for Mason's requested relief. The Court considers each ground and ultimately finds that Mason has failed to state a claim on which relief can be granted and dismisses his complaint.

### A. Count I: Truth in Lending Act

Mason argues that Capital One violated three sections of the Truth in Lending Act. The Court addresses each in turn.

1. 15 U.S.C. § 1605(c)

Under 15 U.S.C. § 1605(c), "[c]harges or premiums for insurance, written in connection with any consumer credit transaction, against loss of or damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge . . . ."

Mason argues that Capital One failed to disclose insurance and other fees that should have been included in the finance charge of his consumer credit transaction. Mason attached a copy of his retail installment contract to his complaint. The contract plainly states, "**NO LIABILITY**

3

**INSURANCE INCLUDED**" and "**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**" (Compl. Ex. 7, ECF No. 1-1 at 39).

Mason has not alleged that any insurance was written in connection with this transaction, nor has he clarified what "other fees" were assessed that violate 15 U.S.C. § 1605(c). The contract itself undermines the validity of any claim under this subsection. All claims premised on violations of § 1605(c) in this transaction are dismissed with prejudice because it would be futile to amend the pleading.

   2.   15 U.S.C. § 1662(2)

Mason contends that Capital One violated 15 U.S.C. § 1662(2). This statute mandates that "[n]o advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state . . . (2) that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." 15 U.S.C. § 1662. Mason has made no allegations that Capital One made any advertisement relevant to the operative facts of his complaint. Therefore, all claims premised on violations of § 1662(2) are dismissed, albeit without prejudice to amendment alleging that such an advertisement was made. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

   3.   15 U.S.C. § 1635(a)

The obligor's right to rescind, as ensconced in 15 U.S.C. § 1635(a), applies to consumer credit transactions "in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). The loan at issue was for the purchase

of a vehicle, not a residence, and there is no indication in the contract that Capital One was granted a security interest in Mason's principal dwelling as a result of the loan. Instead, the contract provides, "You are giving a security interest in the motor vehicle being purchased." (Compl. Ex. 7, ECF No. 1-1 at 36). A more detailed provision states:

> **Security Interest.** You give us a security interest in the Vehicle, any proceeds received for the Vehicle, and any accessories, equipment, and replacement parts installed on the Vehicle. You also give us a security interest in any insurance, service, or other contracts we finance for you and all proceeds from any insurance, service, or other contracts on the Vehicle, including refunds of premiums or charges from the contracts we finance for you. The security interest you are giving us secures all amounts owed by you under this Contract and all the other agreements you have made in this Contract.

(Compl. Ex. 7, ECF No. 1-1 at 37). The contract is not one in which Capital One gained a security interest in Mason's principal dwelling, so Mason has not and cannot state a claim under § 1635(a). As such, this claim is dismissed with prejudice.

### B. Count II: Fair Credit Reporting Act

The Fair Credit Reporting Act provision at issue, 15 U.S.C. § 1681b(a), mandates that a "consumer reporting agency" is restricted in the circumstances in which it may furnish a consumer report. "Consumer reporting agency" is defined at 15 U.S.C. § 1681a(p), which decrees that a consumer reporting agency

> regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:
>
> (1) Public record information.
>
> (2) Credit account information from persons who furnish that information regularly and in the ordinary course of business.

Capital One argues that this claim should be dismissed because Capital One is a creditor and is not a consumer reporting agency. Mason has not alleged that Capital One is a consumer reporting agency, so Mason has failed to state a claim under 15 U.S.C. § 1681b(a).

Capital One argues that the dismissal should be with prejudice, but such a ruling would require the Court to make a finding based only on Capital One's assertions in its brief—not on Mason's allegations. Mason has not yet had an opportunity to amend his complaint, and the federal rules dictate that leave to amend should be freely granted. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the dismissal of Count II is without prejudice.

### C. Count III: Fair Debt Collection Practices Act

Under the relevant provision of the Fair Debt Collection Practices Act (FDCPA)—15 U.S.C. § 1692j— furnishing certain deceptive forms is prohibited. Mason alleges that Capital One furnished a prohibited deceptive form. Mason also alleges that Capital One "regularly collects or attempts to collect debts and is a 'debt collector' as said term is defined under 15 U.S.C. § 1692a(6)" and "was acting as a debt collector with respect to the collection of Plaintiff's alleged debt. (Compl. ¶¶ 7, 9, ECF No. 1). However, the statements that Capital One is and was acting as a debt collector as statutorily defined are legal conclusions and not allegations of fact, so the Court need not accept them as true. *Iqbal*, 556 U.S. at 678.

"[T]he FDCPA distinguishes between debt collectors and creditors. Creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, are not covered by the Act." *Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (citation and internal quotation marks omitted). "For purposes of applying the Act to a particular

debt, these two categories—debt collectors and creditors—are mutually exclusive." *Id.* A creditor is:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

15 U.S.C. § 1692a(4). Subject to exclusions not repeated here, a debt collector is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). Under this definition, "you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017).

Mason alleges that he entered into a consumer credit transaction with Capital One. This means that, at least for the debt at issue, Capital One is a creditor and not a debt collector. Evidence that Mason attached to his complaint supports this conclusion. *See* (Compl. Ex. 10, ECF No. 1-1 at 48 (August 23, 2021 monthly statement from Capital One to Mason with no past-due balance)). Mason notes that a debt collector includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Notably, Mason does not argue this to be the case here, he appears to be presenting it only as an exception to the general rule, invoked by Capital One, that a creditor cannot be a debt collector. Without alleging facts or supplying argument to support that this exception applies, this claim must be dismissed.

Accordingly, Mason has failed to state a claim under the FDCPA because the allegations and documents attached to the complaint establish that Capital One is a creditor as to the debt at issue. Amendment of this claim would be futile except under the theory that Capital One is a debt collector because it used a name other than its own in collecting its debt such that the exception in § 1692a(6) applies. Therefore, the Court dismisses Count III with prejudice except to the bringing of a claim under the "use of another name" exception.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** Defendant Capital One Auto Finance, Inc.'s Motion to Dismiss Plaintiff's Complaint [DE 8] and **DISMISSES** the Complaint [DE 1]. The claims are dismissed with prejudice except as to the following claims, which may be brought in an amended pleading: the claim under 15 U.S.C. § 1662(2), the claim under 15 U.S.C. § 1681b(a), and a claim under 15 U.S.C. § 1692j premised on the "use of another name" exception. Mason may file an amended complaint as to claims dismissed without prejudice **on or before May 15, 2023**. If no amended complaint is filed, this case will be dismissed.

SO ORDERED on April 11, 2023.

                                                s/ Joseph S. Van Bokkelen  
                                                JOSEPH S. VAN BOKKELEN, JUDGE  
                                                UNITED STATES DISTRICT COURT